(Judge Winch of the eighth circuit sitting in the place of Judge Donahue.)

WILBUR E. WRAY v. STATE OF OHIO.

**1. MISCONDUCT OF COUNSEL FOR STATE, WHAT NOT.**

In a criminal case, where counsel for the state, in his statement of the case under Lan. R. L. 11054 (R. S. 7300), in good faith refers to evidence he expects to offer in support of the charge against the defendant, and it turns out that such evidence is incompetent, and is not admitted, or offered, and, objection being made at the time, the court overrules the objection, it is not such an abuse of privilege on the part of counsel and discretion in the court as will constitute ground for reversal.

**2. FAILURE TO REQUEST COURT TO CHARGE, EFFECT OF.**

It is not error for a trial court to omit to instruct the jury on a point of law arising in the case unless counsel request instructions to be given on such point.

**3. HOMICIDE—INDICTMENT—TWO MORTAL WOUNDS, AS TO PROOF.**

Where in an indictment for murder in the first degree, it is charged that there were two shots fired and two mortal wounds inflicted from which death resulted, the state is not compelled to prove, beyond a reasonable doubt, that either the first or second shot alone produced the death, nor if the death result only from the combined effects or results of both shots, that each of said shots were fired unlawfully.

**4. HOMICIDE—SELF-DEFENSE—MORTS v. STATE, 26 OHIO ST. 162, FOLLOWED.**

Homicide is justifiable on the ground of self-defense, where the slayer, in the careful and proper use of his faculties, *bona fide* believes, and has reasonable ground to believe, that he is in imminent danger of death, or great bodily harm, and that his only means of escape from such danger

1 O. C. C. Vol. 27

will be by taking the life of his assailant, although in fact he is mistaken as to the existence or imminence of the danger. *Morts* v. *State*, 26 Ohio St. 162, followed.

ERROR to Morgan common pleas court.

L. J. Weber and M. C. Danford, for plaintiff in error.

A. H. Mercer, prosecuting attorney, and C. H. Fouts, for defendant in error.

VOORHEES, J.

Plaintiff in error was indicted at the October term, 1903, of the court of common pleas of Morgan county, Ohio, for the murder of William Farris on July 31, 1903. At the January term, 1904, of said court, he was tried and convicted of manslaughter under said indictment and sentenced to the penitentiary for the term of six years. Error is prosecuted to this court, and numerous grounds are assigned for the reversal of the judgment. Among the errors assigned, and specially urged as grounds for reversal, are:

1. That the court erred in permitting the assistant prosecuting attorney to make and include improper matter in the opening statement of the case on behalf of state to the jury.

2. That the court erred in its charge to the jury.

3. That the court erred in refusing to give to the jury charges requested by the plaintiff in error.

4. That the verdict of the jury is not supported by the evidence, and is against the weight of the evidence.

There are other errors assigned, but the four above named are the errors urged in argument.

We will consider the errors in the order named:

1. As to the misconduct of the assistant prosecuting attorney in stating the claims of the state preceding the introduction of any testimony.

The alleged misconduct consists in this: In stating the claims of the state before the introduction of any evidence, under Lan. R. L. 11054 (R. S. 7300) the counsel said, "that defendant (meaning plaintiff in error) brought with him, in addition to this infatuation for the girl, a letter from his wife begging him to return to his home and provide for her and her child, and another from his mother saying to him, that she hoped he would have the honor to go back home, provide for his wife and child, return to the habitation of his little boy, and the abode of his wife." To which statement defendant by his counsel objected. The court overruled the objection, and exceptions were noted.

Wray v. State.

The attorney for the state then further stated to the jury the following: "He" (referring to the deceased, William Farris) "was a man who had a right to pay her" (referring to Sadie Gilbert) "attention, and to have her if she was willing." To which statement objection was made, overruled, and exceptions noted.

Under Lan. R. L. 11054 (R. S. 7300), providing the order of proceeding in criminal trials, among other things, provides, that,

"After the jury is impaneled and sworn, the trial shall proceed in the following order:

"First. The counsel for the state must state the case of the prosecution, and may briefly state the evidence by which he expects to sustain it.

"Second. The defendant, or his counsel, must then state his defense, and may briefly state the evidence he expects to offer in support of it."

The alleged objectionable statements of the assistant prosecuting attorney were made under the first subdivision of the section, and it is contended by plaintiff in error, that the letters and statements referred to were not competent evidence on behalf of the state, and notwithstanding the fact they were not admitted in evidence, he was prejudiced thereby, and by the action of the trial court in not sustaining his objections thereto.

This is all that the record shows concerning this alleged error. The plaintiff in error presented no special requests to the court touching these matters, nor did the court in its general charge refer to them. We are to consider the grounds of error raised by setting out the objectionable statements complained of, and that defendant below objected to the statements at the time they were made, and the court overruled the objections.

Was there an abuse of privilege by the attorney for the state, in stating, at the threshold of the trial, matters that were not admitted in evidence in the further progress of the trial, and which could not in any event become competent? We state the proposition thus, because it is the most favorable to the plaintiff in error. This raises the question, whether in a criminal case, where counsel for the state, in his statement of the case under Lan. R. L. 11054 (R. S. 7300), refers to evidence he expects to offer in support of the charge against the defendant, and it turns out that such evidence is incompetent, and is not admitted, or offered, and objection being made at the time, the court overrules the objection, it is such an abuse of privilege on the part of counsel and discretion in the court as to be ground for reversal.

Morgan County.

First, as to its being an abuse of privilege on the part of counsel. Suppose counsel in good faith—and there is nothing in this record to show bad faith on the part of the assistant prosecuting attorney—should say to the jury in his opening statement, that he expects the evidence to show a certain fact, and names the witness or witnesses by whom he expects to prove the same, but when the witness is called he fails to so testify, it would not be claimed for a moment that this would be an abuse of privilege.

Again, suppose the facts or matters referred to, when the whole transaction under investigation is developed, are rendered incompetent for any reason as evidence, would this be an abuse of privilege? We think not.

Would it be an abuse of discretion in the court to overrule objections to such statements in advance of knowing the true or real connection or relation that such matters may have, or bear, on the transaction under investigation?

It is sought to apply the rule here, that is established for the regulation of counsel in the argument of cases, and the discretion of the court therein, as applied in the case of *Hayes* v. *Smith*, 62 Ohio St. 161 [56 N. E. Rep. 879].

The principles laid down in the case just cited have application to the final argument of the case, after the testimony is closed. Then for counsel to make statements of alleged facts not adduced in evidence, and comments thereon, are irrelevant, not pertinent, and are, therefore, clearly not within the privilege of counsel. We do not think the same strict rule should apply when the counsel is only stating what he expects the evidence will be, or will show.

But if there were a violation of the rule in this case, the judgment ought not to be reversed on that ground unless it appear that there was such abuse of discretion as to have deprived the plaintiff in error of a fair trial (*Adams* v. *State*, 25 Ohio St. 584, 586) ; and this court, being of opinion that this ground of error is not well taken, will proceed to the examination of other assigned errors.

2. That the court erred in its charge.

It is contended by plaintiff in error that the court erred in its general charge in this:

(1) The court did not explain to the jury, as it should, that every person has a right at all times and under all circumstances, and conditions, to carry a weapon, a revolver, provided it is not concealed.

(2) The court erred in its charge when it announced to the jury, "The defendant admits that he fatally shot William Farris."

### Wray v. State.

The first objection is not a complaint as to what the court did charge, but what it failed to charge. The plaintiff in error did not ask any such charge as he complains was not given. It is not error for the court to omit to instruct the jury, on a point of law arising in the case, unless instructions are asked by counsel. *Taft* v. *Wildman,* 15 Ohio 123; *Jones* v. *State,* 20 Ohio 34; *Hills* v. *Ludwig,* 46 Ohio St. 373, 375, 377 [24 N. E. Rep. 596]; *Hoppe* v. *Parmalee,* 11 Circ. Dec. 24 (20 R. 303); affirmed by Supreme Court, without report, 65 Ohio St. 614; *Steen* v. *Friend,* 11 Circ. Dec. 235 (20 R. 459); *Mitchell* v. *State,* 11 Circ. Dec. 446 (21 R. 24). This disposes of this question, and we do not stop to inquire whether such instruction would have been proper or not, if it had been requested.

Second, was it error for the court to say, in view of all the evidence, and especially the statements made by the plaintiff in error, that "the defendant admits that he fatally shot William Farris?" Taking the testimony of Wray alone there is no other conclusion to be reached than that he fired two shots from a revolver that he had and held while in a struggle with the deceased, William Farris. The only thing not specifically admitted by the defendant, as to the act of shooting, is as to the effect of the shooting. He contends all through that the shooting was not unlawful because done in self-defense. Did the two shots that were fired take effect in the body of Farris? Did they, or either of them, cause the death of Farris?

Both of these questions must be answered in the affirmative beyond a reasonable doubt from the evidence. This being so, it could not be and was not prejudicial to the defendant, when the court said to the jury, "The defendant admits that he fatally shot Farris." If the shooting was not unlawful he was not guilty although he fatally shot the deceased.

We think the court followed the statements complained of with correct instructions as to the law of self-defense; and in view of the evidence, and the claims made by the defendant himself, as to what occurred and how it occurred, he was not prejudiced by the court saying that "he admits he fatally shot William Farris."

We think there is no error in the charge of the court as given.

3. Did the court err in refusing to give the requests, or any of them, asked by the defendant?

The defendant submitted ten requests, each of which the court refused, and the defendant excepted. The indictment was for murder with but a single count, which charges the crime (omitting the formal parts) as follows:

Morgan County.

"That Wilbur E. Wray, late of said county, on the thirty-first day of July, in the year of Our Lord one thousand nine hundred and three, at the county of Morgan aforesaid, in and upon one William Farris, then and there being, did unlawfully, purposely, and of deliberate and premeditated malice, make an assault, in a menacing manner, with intent, him, the said William Farris, unlawfully, purposely, and of deliberate and premeditated malice, to kill and murder; and that the said Wilbur E. Wray, a certain pistol then and there charged with gunpowder and certain leaden bullets, which said pistol he, the said Wilbur E. Wray, then and there in his right hand had and held, then and there, unlawfully, purposely, and of deliberate and premeditated malice, did discharge and shoot off to, against and upon the said William Farris, with the intent aforesaid, and that the said Wilbur E. Wray with the leaden bullets aforesaid, out of the pistol aforesaid, by force of the gunpowder aforesaid, by the said Wilbur E. Wray then and there discharged and shot off as aforesaid, him, the said William Farris, in and upon the left side of the belly of him, the said William Farris, then and there unlawfully, purposely, and of deliberate and premeditated malice did strike, penetrate, and wound, with the intent aforesaid, thereby then and there giving to him, the said William Farris, with the leaden bullets aforesaid, so as aforesaid discharged, and shot out of the pistol aforesaid, by the said Wilbur E. Wray, in and upon the left side of the belly of him, the said William Farris, two mortal wounds, the length and breadth of said mortal wounds, and each of them, being to the jurors aforesaid unknown, of which said mortal wounds he, the said William Farris, afterward and on the second day of August, in said year of Our Lord one thousand nine hundred and three, and in the county of Muskingum, and in said state of Ohio, died; and so the jurors aforesaid, upon their oaths aforesaid, do say that the said Wilbur E. Wray, him, the said William Farris, in said county of Morgan, at the time, in the manner and by the means aforesaid, unlawfully, purposely, and of deliberate and premeditated malice, did kill and murder."

It is contended by plaintiff in error, as it is charged in the indictment, there were two shots fired, and that the state must prove beyond a reasonable doubt either the first or second shot alone produced the death, but if the death only result from the combined effects or results of both shots, then before there can be a conviction of the grades of crime charged in the indictment, including the grade of manslaughter, the state must show beyond a reasonable doubt, and the jury must so find, that each of said shots were fired unlawfully.

### Wray v. State.

We do not agree with this contention. The testimony in this case shows that both shots were fired by the defendant while he was engaged in a single conflict or struggle with the deceased, and without any discontinuance of the conflict, or either party withdrawing therefrom. The question of the lawfulness or unlawfulness of both shots depends upon the same state of facts and upon the same evidence. From this record it does not appear upon any hypothesis that one of these shots could have been lawful and the other unlawful; therefore, the evidence not having distinguished between the shots it was unnecessary for the trial court to do so in its charge. If in the conflict the defendant unlawfully fired a shot, which produced death, either alone or in combined effect with another shot fired by him in the same struggle, the jury may find him guilty under this indictment.

The indictment is not bad for duplicity, and although the shots were both fired while the defendant and the deceased were engaged in a struggle or conflict, if the defendant unlawfully fired one or both shots, thereby killing the deceased, he could be rightfully convicted of manslaughter, if the jury found death resulted from such unlawful act. Taking this view of the law, the court is of opinion that there was no error in the court refusing each and all of the ten requests asked by defendant, plaintiff in error.

4. That the verdict of the jury is not supported by sufficient evidence.

The defendant was found guilty of manslaughter only; and it is contended by plaintiff in error, that the verdict is not supported by sufficient evidence. The record is a very voluminous one, and we have taken the time, and with care and labor have gone through and carefully examined the whole record. There is much of the record that does not bear directly on the main question, or defense, involved. There are many circumstances introduced in evidence tending to throw light upon the transaction up to the time the final tragedy occurred, resulting in the death of William Farris.

It is contended by the plaintiff in error that when he fired the shots that wounded the deceased, and which it is claimed by the state produced his death, he was acting in self-defense. The evidence is conflicting on this question.

Our Supreme Court, in the case of *Marts* v. *State*, 26 Ohio St. 162, held:

"Homicide is justifiable on the ground of self-defense, where the slayer, in the careful and proper use of his faculties, *bona fide* believes, and has reasonable ground to believe, that he is in imminent danger of

Morgan County.

death or great bodily harm, and that his only means of escape from such danger will be by taking the life of his assailant, although in fact he is mistaken as to the existence or imminence of the danger."

It is contended by the state that when the defendant fired the shots, or at least the first shot, he believed Farris wanted to get from him his "gun," or revolver, and that he would be able to take the "gun," and these were the only things he thought of until he fired the shot. In other words, the state contends, from the whole evidence, and the explanation given by the defendant himself, that the reason why he shot was, that he believed Farris would and could take from him his "gun," and not that he believed and had reasonable ground to believe that he was in imminent danger of death, or great bodily harm, and that his only means of escape from such danger was in the use of his weapon.

The jury found the issue thus made against the defendant, and we cannot, consistently with the rule of law, say from a careful examination of all the evidence that they were manifestly wrong in so finding.

Other grounds of error are alleged, but we do not regard them as being of sufficient gravity to warrant a reversal or extended consideration.

The court has reached a unanimous conclusion upon all the questions involved; and without attempting to review the record in detail, we are of the opinion the judgment should be affirmed with costs. Execution is awarded and the cause remanded accordingly.

Judgment affirmed.

**McCarty** and **Winch, JJ.,** concur.